WILLIAM A. WAGNER, APPELLEE, v. FARMERS & MERCHANTS INSURANCE COMPANY, APPELLANT.

FILED DECEMBER 14, 1911.    No. 17,001.

1. Carriers: INJURY: EVIDENCE: CREDIBILITY OF WITNESSES. Evidence examined and referred to in the opinion *held* sufficient to sustain the verdict and judgment.

2. Instruction set out in the opinion sustained.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*A. L. Chase* and *Greene, Breckenridge, Gurley & Woodrough,* for appellant.

*Stewart, Williams & Brown, contra.*

FAWCETT, J.

Action for injuries sustained by plaintiff while entering and being carried in an elevator in defendant's building. Verdict and judgment for plaintiff. Defendant appeals.

Two errors only are relied upon for a reversal: "First. Whether the plaintiff is entitled to recover on the facts.

Second. The error of the learned trial judge in the eighth instruction."

In support of the first assignment it is said: "We are not asking the court to draw a different conclusion *from facts* than the jury drew; *we are insisting that the jury disregarded the truth and the facts;* that the account by the plaintiff of the manner in which he received the injury for which he recovered a verdict in this action is not only false, but impossible." The brief states that the jury saw the elevator, and suggests that "as it (the elevator) is only a little distance from the state capitol building, and could not well be attached to the record, we suggest the propriety of an inspection by your honors, for there has been no substantial change in the situation since the accident." We think we will have to decline the invitation to inspect the elevator, and rest the inspection upon that made by the jury. We will not extend this opinion by extensively setting out the evidence. It is sufficient to say that it is conflicting. Plaintiff testified that as he was in the act of entering the elevator with his left foot forward, and before he had taken his right foot from the hall floor, the elevator started down; that his right leg was caught by the top of the elevator door and was dragged downward between the elevator and the elevator shaft until the elevator reached an open space below, which released his leg from its imprisonment. The evidence of the physician, introduced by the defendant, is that it would have been impossible for plaintiff's leg to have been drawn through between the iron top of the door frame and the edge of the building without crushing the leg very badly and breaking the bones, and that he did not find upon plaintiff's leg enough of a scrape or scratch or bruise to leave a scar after it was cured. This testimony standing alone would, it is true, cast discredit upon plaintiff's testimony; but the jury heard plaintiff's description of the accident, and viewed the elevator and the elevator space referred to, and we cannot say that the inspection of these twelve

men was not a sufficient corroboration of the testimony of plaintiff to overcome the testimony of the physician and of other witnesses introduced by defendant. It is a well-known fact that in times of accident the victim often escapes serious injury in a manner almost miraculous. If there were a two-inch space on all sides of the elevator between the elevator and the elevator shaft, it is not impossible that, as the elevator was descending, with plaintiff's leg between the elevator and the elevator shaft, the former may have yielded sufficiently to have allowed more than the two-inch space on the side of the elevator where the leg was imprisoned. But whether that be true or not, we cannot agree with counsel that the testimony of plaintiff is so incredible and beyond human probabilities that we should substitute our judgment of its credibility for that of the jury.

The eighth instruction reads: "You are instructed that if you find that the elevator was stopped on the second floor at the place where the plaintiff was waiting, and in response to his signal, and the door thereof was opened by defendant's servant in charge of such elevator, and that, while plaintiff was in the act of entering, the elevator was started by defendant's servants, and by reason thereof plaintiff was injured, as alleged in his petition, this would be presumptive evidence of negligence upon the part of defendant, so far as such negligence is alleged in plaintiff's petition, to be overcome only by evidence which would show that the defendant was not in fault, or that the accident was due to plaintiff's own negligence or that his own negligence contributed thereto." It is said in the brief: "This instruction is vicious and prejudicial because it gave undue prominence to the plaintiff's theory of the case. It referred the jury to the contention of the plaintiff stated in his petition, and practically informs them that there was competent evidence tending to show negligence, and that such evidence creates a presumption of negligence which is to be 'overcome only,' said the court, 'by evidence

33

which will show that the defendant was not in fault.'
In other words, having considered the facts and there-
from found that the defendant was at fault, the jury
were gravely informed that the only chance for the
defendant was for it to exculpate itself by showing it
was not to blame." We do not think the instruction
is open to the charge made against it. It does not
"practically inform them that there was competent evi-
dence tending to show negligence." What it does say,
and what the court had a right to say, was that if the
jury found the facts with relation to the attempted entry
into the elevator by plaintiff, as set out in the first part
of the instruction, those facts would constitute "presump-
tive evidence of negligence upon the part of defendant."
In this we think the trial court was right, and, had the
instruction stopped there, we do not think the defendant
could have made any complaint. What followed was
favorable to defendant, as it limited such presumptive
evidence of negligence to the negligence charged in the
petition, and states substantially that this presumptive
evidence could be overcome; and the fact that the court
says it could be overcome only "by evidence which would
show that the defendant was not in fault, or that the
accident was due to plaintiff's own negligence or that his
own negligence contributed thereto," could not render
the instruction prejudicial, as those qualifications were
in the interest of defendant.

We think both of the errors assigned by counsel must
be decided adversely to its contention. The judgment of
the district court is therefore

AFFIRMED.